Judge Underwood^
delivered the opinion of the court.
This is the third time, this court, has been called on to decide the contoversy, between these parties, in the present case. Reports of the two first decisions, may be found in IV Littcll, 186, and III Monroe, 247. A chancery suit which originated in the same transaction, ivas also decided by this court, on the 8th of October, 1827; but the opinion then rendered, has not been reported. After this tedious and ex-pensed litigation, growing out of a contract of no *161 great value, the parties on the 10th of September, 1838, made an agí codease, submitting the law and the facts to the decision of the Madison circuit court, serving the right to have the decision revised in this court. That court decided in favor of Tennell. Roberts prosecutes a writ of error.
After a contract for rent has been rescinded by a decre in chanceym-f°r rent in it is a warrant.
It is sufucient here to state, that Roberts under the contract with the Tenncll's, claimed rent for their occupancy of the land contracted to them, and took out a distress warrant, with a view to enforce its payment. The warrant having been levied on the property of said Tennell, he instituted this action of re-plevin. The controversy on the agreed case, will be determined by deciding whether Roberts’s claim for rent should prevail. By tlie agreed case, the parties refer to the bill of exceptions, upon which the case reported in 111 Monroe, was decided; and to the opinion delivered in the chancery cause, for the facts and evidence upon which this decision must rest. Governed by these, we must take it as true, that Roberts practised a fraud upon theTenueils,in the contract with them; for on that ground, the contract was rescinded by the decree of the chancellor. We must also take it for granted, that the legal title to the land, is in the heirs of Price, and not Roberta; and that tlie heirs of Price, had obtained judgment in an action of ejectment for tlie land. By the opinion reported in Monroe, the contract between the parties,so far asRobérts’s 'claim for rent is concerned, was decided to fall under the operation of the statute of frauds. The contract therefore, could not constitute a valid foundation to support an action at law upon it. But as the contract was considered by tlie court not void, but being eiScacious to some purposes, the court tolerate a distress warrant for the recovery of the i cat.
Do the proceedings in the chancery cause, and the 'evidence it furnishes, show that Roberts ought not tó succeed upon his distress warrant? We think they do. Whether the contract be regarded as written or parol, was rescinded by the decree in the suit in chancery, subsequent to the decision in III Monroe, and being nullified, it was no longer good to show a reservation of rent; and thereby, to justify a recovery upon the distress war-ant. Without a contract reserving rent, Rob *162 erts would not: succeed in or justify the distress. A claim for an unliquidated amount of rent would not do. -Such was his claim after the contrac was rescinded. There was not even an implied assump-sit, that Tennell would pay Roberts for the use and occupation of the land, after the rescisión of the contract; for according to the evidence, the success of Price’s heirs in the ejectmeni, and in whom the legal tille abided, showed that they were the only persons independent of an express contract,'who could maintain an action for use and occupation, or for .the mere profits. Under the circumstances of this case, wc do not regard Tennell as estopped to deny the title of Roberts, after their contract bad been rescinded, and Price’s heirs had recovered the land.
Without a contract,-reserving rent, there can be no distress. Claim for an 'unliquidated amount of ‘rent, will not authorize u recovery upon a distress'warrant.
Turner, for plaintiff; Brack, for defendant.
Wherefore, the judgment of the circuit court is affirmed with costs.